## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **MARK DAVIS** § | |
| § | |
| **V.** § | **CIVIL ACTION NO. _____** |
| § | |
| **HARRY'S BUILDING MATERIALS, INC.** § | |

### PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

1. Defendant Harry's Building Materials, Inc. ("Defendant") required Plaintiff Mark Davis ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a).

### SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

4. Venue is proper in this District because Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District. Further, Defendant removed this case to the District.

5. Defendant's corporate office is located at 361 W. 6th Street, Rusk, Texas 75785.

6. Defendant is incorporated in Texas.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff, Mark Davis is an individual residing in Cherokee County, Texas.

8. Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

9. Defendant, Harry's Building Materials, Inc. is a corporation organized under the laws of Texas. Defendant, according to the Secretary of State for the State of Texas may be served through its registered agent, Bobby Tosh, 502 West 6th Street, Rusk, Texas 75785 or wherever he may be found.

10. Defendant does business throughout Texas, including this District.

## COVERAGE

11. In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was engaged in commerce or employed by an enterprise engaged in commerce; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C., Civil Action No.* H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA of Plaintiff. 29 U.S.C. § 203(d).

13. The Supreme Court has made clear that the FLSA extends federal control throughout the farthest reaches of the channels of interstate commerce. *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex., 2012), (citing *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). And the Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage. *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th

Cir.1979)).

14. The FLSA protects employees who fall under either of two types of coverage: (1) "enterprise coverage," which protects all those who are employed in an enterprise engaged in commerce or in the production of goods for commerce, or (2) "individual coverage," which protects those who are individually engaged in commerce or in the production of goods for commerce, regardless of whether the employer constitutes an enterprise. *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex., 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

15. Both the individual and enterprise coverage are applicable in this case.

16. First, with regards to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. § 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D.Tex., 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)). "Any regular contact, no matter how minimum, will result in coverage under the FLSA." *Id*. (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829). "The employee's work must be 'entwined with the continuous stream of interstate commerce.'" *Id*. (citing *Marshall,* 603 F.2d at 1125). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (*citing,* 29 C.F.R. 776.10(b)).

17. At all material times, Plaintiff was an individual employee who engaged in

commerce or in the production of goods for commerce as required by 29 USC § 206-207.

18. Here, Defendant employed Plaintiff to sell and oversee the installation of windows. Plaintiff's duties included, but were not limited to sales and general office work. Plaintiff was not a supervisor nor did he oversee any employees.

19. Second, with regard to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, *(citing,* 29 U.S.C. § 203(s)(1)(A)).

20. Here, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory minimum.

21. Defendant has an annual gross business volume of not less than $500,000.

22. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are employees engaged in interstate commerce. Further, Defendant itself is engaged in interstate commerce because it orders supplies across state lines, conducts business deals with merchants across state lines, processes customers' credit cards with banks in other states, and, as a building supply company its services make interstate commerce possible for existing instrumentalities of commerce to accomplish the movement of such commerce effectively and to free it of burden or obstructions.

## FACTS

23. Defendant is a building supply company that sells building supplies and provides sales and services to its clients which are both commercial entities and individuals.

24. Defendant performs such sales of building materials throughout the East Texas area and beyond. Defendant orders material from all over the United States.

25. Plaintiff worked for Defendant from September 1, 2018 to October 19, 2020.

26. Plaintiff was never paid overtime for any of the time that he worked in excess of forty (40) hours per week. Plaintiff was mis-classified as a salaried employee during his tenure. Defendant treated Plaintiff as if he were a salaried employee exempt from overtime when he was not. Plaintiff regularly worked in excess of 40 hours a week and on weekends.

27. Plaintiff was terminated on October 19, 2020, after returning to work after cancer surgery and while still undergoing treatment and while still recuperating.

28. Plaintiff was not paid time and a half for hours worked over forty hours despite the fact that Defendant knew Plaintiff was working in excess of 40 hours per week much of the time.

29. No exemption in the FLSA law shelters Defendant from paying overtime to Plaintiff.

30. Plaintiff did not supervise other employees or manage a customarily recognized department of Defendant's organization.

31. Plaintiff had no authority to hire or fire other employees.

32. Plaintiff worked in the office and store selling windows. He performed work related to Defendant's sales of windows, not the management of the company's operations.

33. Plaintiff's primary duty did not require independent judgment or discretion. Instead, Plaintiff was required to carry out his job duties according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

34. Plaintiff was not a computer-systems analyst, computer programmer, software engineer, or other similar employee.

35. Despite these facts, Defendant misclassified Plaintiff as exempt from overtime pay during his tenure.

36. As a result of Defendant's pay policies, Plaintiff was denied overtime pay.

37. Over the last three years, Defendant knew or showed reckless disregard for whether Plaintiff was entitled to overtime pay under the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

38. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

39. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

40. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff.

41. Defendant's failure to pay overtime to Plaintiff, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## JURY DEMAND

42. Plaintiff hereby demands trial by jury on all issues.

## PRAYER

43. For these reasons, Plaintiff respectfully requests that judgment be entered against Defendant for:

   a. Overtime compensation for all hours worked in excess of forty (40) hours per week at the rate of one and one-half times Plaintiff's regular rate of pay;

   b. An equal amount of Plaintiff's unpaid overtime premiums and unpaid minimum wages as liquidated damages, as allowed under the FLSA;

c.  Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

d.  Such other and further relief to which Plaintiff may be entitled, both in law and in equity.

Respectfully submitted,

 /s/ Scott C. Skelton
Scott C. Skelton
State Bar No.  00784979
SKELTON | SLUSHER | BARNHILL |
   WATKINS | WELLS PLLC
1616 S. Chestnut St.
Lufkin, Texas 75901
Phone:  936.632.2300
Fax:  936.632.6545
sskelton@skeltonslusher.com
**Attorney for Plaintiff**